I do not believe that the evidence presented in the trial court supports a finding of the existence of prior calculation and design. Therefore, I believe that Mr. Mardis should only have been convicted of murder, not aggravated murder.
Mr. Mardis gave numerous conflicting accounts as to how the shooting occurred. His lack of credibility notwithstanding, the state's primary witness and only eyewitness, Shelly Slocum, testified that the entire incident occurred almost instantaneously. Mr. Mardis went from mouthing-off and name-calling, which was characteristic behavior for him, to pulling the trigger in a matter of seconds-according to the state's own witness. The most damaging "version" of the facts suggests that Mr. Mardis initiated the name-calling and "disrespect," and that Mr. Mardis and Mr. Stiert exchanged some hostile words and gestures at some point earlier in the evening, and then again immediately before the shooting. This evidence does not constitute proof that Mr. Mardis killed Mr. Stiert with "prior calculation and design."
I fear that the jury was affected in its finding of prior calculation and design by the many references to drug trafficking which apparently took place at the location where the shooting occurred. The fact that Mr. Mardis and Mr. Stiert had a relationship based upon drug use was not pertinent to the guilt or innocence of Mr. Mardis on a murder charge. This information should have been kept from the jury through the application of Evid.R. 403(A), which reads:
 (A) Exclusion mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
As a result, I would sustain the second and third assignments of error in part. I would vacate the conviction for aggravated murder and remand the case for sentencing on the lesser-included offense of murder. Since the majority does not do so, I respectfully dissent in part.